IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Lane, | C/A No. 0:12-2519-RBH-PJG |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections, | |
| Defendant. | |

Plaintiff Christopher Lane ("Lane"), a self-represented state prisoner, filed a Complaint in the Court of Common Pleas in Dorchester County asserting state law claims as well as violations of his constitutional rights. The defendant removed the case to federal district court pursuant to 28 U.S.C. § 1441. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 8.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Lane of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 10.) In response to the defendant's motion, Lane filed a motion to remand this matter to state court (ECF No. 16) and a motion to amend his Complaint.[1] (ECF No. 18.) The defendant filed a response in opposition to both of these motions. (ECF No. 21.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be denied and Lane's motions to amend and for remand should be granted.

---

[1] The court notes that Lane also filed a document entitled "Voluntary Withdraw[a]l of US Constitutional Claims & Federal Claims." (ECF No. 15.)



## BACKGROUND

Lane's Complaint states that on June 26, 2010, he was placed in the Special Management Unit ("SMU"). Lane alleges that contrary to SCDC policy he was not provided with an opportunity to pack his property or have it inventoried in his presence. Lane essentially asserts that officers violated their duty of care by mixing up, misplacing, or giving away numerous personal belongings. (See Compl. ¶ 5, ECF No. 1-1 at 2) (listing the missing items). Lane's Complaint mentions that the officers actions were negligent or willful, wanton, reckless, and grossly negligent. Lane states that the defendants violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the South Carolina Constitution, S.C. Code Ann. § 24-1-130 and § 15-78-10.

## DISCUSSION

**A.    Motion to Dismiss/Motion to Amend**

The defendant has moved to dismiss this action as duplicative to Civil Action No. 0:11-2829-RBH-PJG and in the alternative that it be consolidated with Civil Action 0:11-2829-RBH-PJG. As an initial matter, Lane seeks to amend his Complaint to withdraw his federal causes of action. Specifically, Lane seeks to remove the references on page six of his Complaint to the United States Constitution and its Amendments. (ECF No. 18.) The defendant opposes this motion, reasserting the arguments contained in its motion to dismiss. Upon review of Civil Action No. 0:11-2829-RBH-PJG, the court finds that these actions are not duplicative. The instant action solely concerns Lane's loss of numerous personal property items, the majority of which are not mentioned or discussed in

Page 2 of 5

*PJG*

Civil Action 0:11-2829-RBH-PJG. Further, the court finds consolidation to be inappropriate based on the differing current procedural postures of each case.[2]

In accordance with Federal Rule of Civil Procedure 15(a), the court grants Lane's motion to amend. Further, based on the foregoing, the defendant's motion to dismiss this matter as duplicative and its alternative request to consolidate these matters should be denied.

**B.  Motion to Remand**

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Only actions that could have been

---

[2] The court observes that it has contemporaneously issued a Report and Recommendation in Civil Action 0:11-2829-RBH-PJG recommending that the defendants' motion for summary judgment be granted in that matter. Further, the defendants argued in Civil Action 0:11-2829-RBH-PJG before removing the instant case that, to the extent that Lane was raising a personal property claim in that action, it should be dismissed, as a claim for negligent loss of property is not appropriate under 42 U.S.C. § 1983 and such a claim should be raised in state court. (See C/A No. 0:11-2829-RBH-PJG, ECF No. 59-1 at 9-10.)

*PJG*

originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. Id.

In this case, it is undisputed that Lane's original Complaint included federal claims; therefore, removal was proper. However, Lane's Complaint as amended only contains state law claims. The court may exercise its discretion to decline to exercise supplemental jurisdiction over Lane's state law claims and remand the case to state court under 28 U.S.C. § 1367(c). See § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) (discussing a court's discretion and balancing factors in decision whether to exercise pendent jurisdiction after removal). In light of the fact that Lane has unequivocally removed any federal claims from his pleadings and based on the current posture of this case, the court should exercise its discretion to remand the state law claims pursuant to 28 U.S.C. § 1367(c).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion to dismiss be denied and that this matter be remanded to state court.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 5, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).